UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA J. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  25-00679 (UNA) |
| ) | |
| ) | |
| THE GATHERING SPOT *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff brings this suit against a private business and its General Manager/Owner. Compl. at 2.  Plaintiff is a "founding member and corporate account holder" of the D.C.-based business.  She asserts that Defendants violated her rights under the First and Fourth Amendments and deprived her of due process when they "failed to provide [her] an opportunity to respond before making a decision that negatively impacted her membership and professional reputation." *Id*. at 6.  In Count I of the complaint, Plaintiff alleges that Defendants ridiculed and chastised her "for speaking up for herself," in violation of the First Amendment.  In Count II, she alleges that "Defendants' refusal to handle certified mail and potential unauthorized access to [her] personal communications and property constitute unreasonable searches and seizures," in violation of the Fourth Amendment.  *Id*. at 6.  Plaintiff seeks $45 million in damages.  *Id*. at 4.

"It is fundamental that the First Amendment binds only the actions of the Government and does not apply to actions of private persons or entities."  *Johnson v. Commission on*

*Presidential Debates*, 202 F. Supp. 3d 159, 173 (D.D.C. 2016) (citing cases).  The same goes for violations of the Fourth Amendment, *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921), and the Fifth Amendment's due process clause, *Curry v. McCanless*, 307 U.S. 357, 370 (1939), applicable to the District of Columbia, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

"'A challenged activity may be state action . . . when a private actor operates as a willful participant in joint activity with the State or its agents.'"  *Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)).  Plaintiff fails to allege facts that would support a finding or reasonable inference that the government was somehow involved in the conduct alleged.  The Court will, accordingly, dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order will issue.

Date:  May 15, 2025

_____/s/_____
RANDOLPH D. MOSS
United States District Judge